69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Enrique RODRIGUEZ-VALLADARES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70911.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Enrique Rodriguez-Valladares, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing Rodriguez-Valladares's appeal of the Immigration Judge's ("IJ") denial of Rodriguez-Valladares's requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 We review for abuse of discretion a denial of asylum, Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992), and for substantial evidence a decision to deny withholding of deportation, Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). We review factual findings underlying the determination of asylum for substantial evidence and will reverse only if a reasonable factfinder would have to conclude that the requisite fear of persecution existed. Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994).
 
 
 4
 To be eligible for asylum, Rodriguez-Valladares must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Berrotean-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). To qualify for a withholding of deportation, Rodriguez-Valladares must meet a higher evidentiary standard by demonstrating a clear probability of persecution. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 5
 Rodriguez-Valladares contends that the BIA's decision was not based on substantial evidence. This contention lacks merit.
 
 
 6
 At the IJ hearing, Rodriguez-Valladares claimed that he was politically opposed to the Sandinistas and that he refused to be recruited into the Sandinista military. Because of this, he claims that he was threatened with losing his job and that he never received a food ration card. In addition, as a result of a physical altercation with a Sandinista police officer, an arrest warrant was issued for Rodriguez-Valladares, prompting his departure from Nicaragua. Rodriguez-Valladares fears that, upon return to Nicaragua, he either will be forced to serve in Sandinista militias or will be punished for his refusal to join the military.
 
 
 7
 We deny the petition for review because the evidence presented by Rodriguez-Valladares would not compel a reasonable factfinder to find the requisite fear of persecution. See Shirazi-Parsa, 14 F.3d at 1427. Because Rodriguez-Valladares failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 8
 Petitioner's request for attorney's fees pursuant to 28 U.S.C. Sec. 2412 is denied.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3